**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JACOB STAR MARTIN,

        Petitioner,        Case Number: 05-71849

v.        HON. VICTORIA A. ROBERTS

MILLICENT WARREN,

        Respondent.

_____/

**OPINION AND ORDER GRANTING PETITIONER'S "MOTION TO STAY HABEAS CORPUS PROCEEDINGS AND TO HOLD HABEAS CORPUS PETITION IN ABEYANCE PENDING EXHAUSTION OF STATE COURT REMEDIES" AND ADMINISTRATIVELY CLOSING CASE**

Petitioner Jacob Star Martin has filed a *pro se* petition for a writ of habeas corpus. Petitioner is currently incarcerated at the Thumb Correctional Facility in Lapeer, Michigan. He challenges the constitutionality of his 2003 convictions for first-degree home invasion, assault with intent to rob while armed, felonious assault, and possession of a firearm during the commission of a felony. Now before the Court is Petitioner's "Motion to Stay Habeas Corpus Proceedings and to Hold Habeas Corpus Petition in Abeyance Pending Exhaustion of State Court Remedies" so that he may return to state court to exhaust an unexhausted claim. The Court shall grant Petitioner's motion, stay the present petition provided that Petitioner promptly files a claim for collateral review in state court, and administratively close the matter.

The doctrine of exhaustion of state remedies requires state prisoners to "fairly

present" their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1)(A) and (c); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); McMeans v. Brigano, 228 F.3d 674, 681 (6th Cir. 2000); Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994). The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process, including a petition for discretionary review to a state supreme court. O'Sullivan, 526 U.S. at 845. A prisoner "'fairly presents' his claims to the state courts by citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." Levine v. Torvik, 986 F.2d 1506, 1516 (6th Cir. 1993); *see also* Prather v. Reese, 822 F.2d 1418, 1420 (holding that "[o]rdinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations"). A Michigan prisoner must present each ground to both Michigan appellate courts before seeking federal habeas corpus relief. *See* Mohn v. Bock, 208 F.2d 796, 800 (E.D. Mich. 2002); *see also* Hafley v. Sowders, 902 F.2d 480, 483 (6th Cir. 1990). The petitioner bears the burden of showing that state court remedies have been exhausted. Rust, 17 F.3d at 160.

In his Motion to Stay, Petitioner states that he failed to exhaust his state court remedies with respect to his actual innocence claim. Petitioner seeks a stay so that he may exhaust that claim.

The Michigan Court Rules provide a process through which Petitioner may raise his unexhausted claims. Petitioner can file a motion for relief from judgment pursuant to

Mich. Ct. R. 6.500 *et seq.*, which allows the trial court to appoint counsel, seek a response from the prosecutor, expand the record, permit oral argument and conduct an evidentiary hearing on Petitioner's claims.  Petitioner may appeal the trial court's disposition of his motion for relief from judgment to the Michigan Court of Appeals and Michigan Supreme Court.  To obtain relief, he will have to show cause for failing to raise his unexhausted claims on his appeal of right to the Michigan Court of Appeals and resulting prejudice or a significant possibility of innocence.  *See* Mich. Ct. R. 6.508(D)(3).   Petitioner's unexhausted claim should be addressed to, and considered by, the state courts in the first instance.

Where a petition is "mixed," that is, it contains exhausted and unexhausted claims, a federal court may stay the mixed petition in federal court to allow the petitioner to present his unexhausted claims in the state court and then return to federal court for review of his petition, provided that the petitioner has "good cause" for his failure to present the claims in state court and that the unexhausted claims are not "plainly meritless."  Rhines v. Weber, 125 S. Ct. 1528, 1535 (2005).  Petitioner states that the evidence establishing his actual innocence was not available to him in his appeal to the Michigan Court of Appeals because his attorney was ineffective.  An appellate attorney cannot be expected to raise his own ineffective assistance on appeal.  Combs v. Coyle, 205 F.3d 269, 276 (6th Cir. 2000).  Thus, the Court finds that Petitioner has good cause for failing previously to present this claim to the Michigan Court of Appeals.  In addition, the Court finds that the claim is not "plainly meritless."  Therefore, the Court shall stay

further proceedings in this matter pending Petitioner's exhaustion of the unexhausted claim.

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." Rhines, 544 U.S. at 1535.  To ensure that Petitioner does not delay in exhausting his state court remedies, the Court imposes upon Petitioner time limits within which he must proceed.  *See* Palmer v. Carlton, 276 F.3d 777, 781 (6th Cir. 2002).  Petitioner must present his claim in state court within sixty days from the date of this Order.  *See* id.  Further, he must ask this Court to lift the stay within sixty days of exhausting his state court remedies.  *See* id.; Abela v. Martin, 348 F.3d 164, 170  (6th Cir. 2003) (holding that "the limitations period is tolled from the filing of an application for state post-conviction or other collateral relief until the conclusion of the time for seeking Supreme Court review of the state's final judgment on that application"). "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." Palmer, 276 F.3d at 781 (internal quotation omitted).

Accordingly, **IT IS ORDERED** that Petitioner's "Motion to Stay Habeas Corpus Proceedings and to Hold Habeas Corpus Petition in Abeyance Pending Exhaustion of State Court Remedies" is **GRANTED** and further proceedings in this case are stayed pending exhaustion of state court remedies.  The case shall be stayed provided that: (i) Petitioner presents his unexhausted claim to the state court within sixty days from the date

of this order, and (ii) Petitioner returns to this Court to request that the stay be lifted within sixty days of exhausting state court remedies.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter.


                S/Victoria A. Roberts
                Victoria A. Roberts
                United States District Judge

Dated: September 2, 2005

---

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on September 2, 2005.

s/Carol A. Pinegar
Deputy Clerk

---