## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

JACOB MARTIN,

                Petitioner,               Case Number: 05-CV-71849

v.                                       HON. VICTORIA A. ROBERTS

MILLICENT WARREN,

                Respondent.

_____/

### ORDER GRANTING PETITIONER'S MOTION TO AMEND MOTION FOR IMMEDIATE RELEASE AND DENYING MOTIONS FOR IMMEDIATE RELEASE

Petitioner Jacob Martin has filed a *pro se* petition for a writ of habeas corpus, challenging the constitutionality of his 2003 convictions for first-degree home invasion, assault with intent to rob while armed, felonious assault, and possession of a firearm during the commission of a felony.  Now before the Court are Petitioner's "Motion for Immediate Release from Custody and/or Request for Appellate Bond" (First Motion for Immediate Release), "Motion to Amend Motion for Immediate Release" (Motion to Amend), and "Amended Motion for Immediate Release from Custody and/or Request for Appellate Bond" (Amended Motion for Immediate Release).

Petitioner filed his First Motion for Immediate Release on January 28, 2009.  He then filed a Motion to Amend seeking to correct and clarify certain facts and arguments set forth in the First Motion for Immediate Release.  The Court will grant the Motion to Amend and the Amended Motion for Immediate Release is accepted for filing.

Petitioner seeks immediate release from custody or release on bond pending disposition of his habeas corpus petition.  Petitioner's argument in favor of release on bond relies upon

Federal Rule of Appellate Procedure 23(c) and his claim of actual innocence.  Federal Rule of Appellate Procedure 23(c) provides that, while a decision ordering the release of a prisoner is on appeal, "the prisoner must – unless the court or judge ordering the decision, or the court of appeals, or the Supreme Court, or a judge or justice of either court orders otherwise – be released on personal recognizance, with or without surety."  The United States Supreme Court has held that this rule "undoubtedly creates a presumption of release from custody in such cases."  *Hilton v. Braunskill*, 481 U.S. 770, 774 (1987).  Rule 23(c) addresses situations where a party appeals a district court's decision granting habeas relief and ordering a petitioner's release.  This Court has not granted habeas relief in this case.  Therefore, Rule 23(c) is inapplicable to Petitioner's case.

To receive bond pending a decision on the merits of a habeas corpus petition, a petitioner must show a substantial claim of law based on the facts surrounding the petition and the existence of "some circumstance making the [motion for bond] exceptional and deserving of special treatment in the interests of justice."  *Aronson v. May*, 85 S. Ct. 3, 5 (1964); *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990).  "There will be few occasions where a prisoner will meet this standard."  *Dotson*, 900 F.2d at 79.  Because a habeas petitioner "is appealing a presumptively valid state conviction . . . it will indeed be the very unusual case where a habeas petitioner is admitted to bail prior to a decision on the merits in the habeas case."  *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993).  Petitioner's claim of actual innocence is insufficiently persuasive to establish the existence of any extraordinary and exceptional circumstances which merit immediate release on bond.  Therefore, the Court denies Petitioner's motions for immediate release.

Accordingly, **IT IS ORDERED** that Petitioner's Motion to Amend [dkt. # 25] is

**GRANTED**.

      **IT IS FURTHER ORDERED** that Petitioner's First Motion for Immediate Release [dkt. # 23] and Amended Motion for Immediate Release [dkt. # 26] are **DENIED**.

                               S/Victoria A. Roberts            
                               Victoria A. Roberts
                               United States District Judge

Dated:  May 11, 2009

| |
|---|
| The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on May 11, 2009. |
| s/Carol A. Pinegar |
| Deputy Clerk |